1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HANK RICHARD CORONEL,                   Case No.  2:23-cv-02793-JDP (PC)

12                  Plaintiff,               **ORDER**

13          v.                               SCREENING PLAINTIFF'S COMPLAINT
                                             AND GRANTING HIS APPLICATION TO
14   R. FERNANDEZ, *et al.*,                 PROCEED *IN FORMA PAUPERIS*

15                  Defendants.              ECF Nos. 1 & 2

16                                           RESPONSE DUE WITHIN THIRTY DAYS

17

18

19          Plaintiff Hank Richard Coronel, a state inmate proceeding without counsel in this civil

20   rights action brought under 42 U.S.C. § 1983, sues CDCR and correctional officer R. Fernandez.

21   The complaint, as drafted, does not state a cognizable claim.  I will grant him the opportunity to

22   amend his complaint.  Plaintiff's application for leave to proceed *in forma pauperis* makes the

23   required showing and will be granted.

24                          **Screening and Pleading Requirements**

25          A federal court must screen a prisoner's complaint that seeks relief against a governmental

26   entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

27   claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a

28

                                             1

1   claim upon which relief may be granted, or that seeks monetary relief from a defendant who is

2   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3          A complaint must contain a short and plain statement that plaintiff is entitled to relief,

4   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

5   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

6   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

7   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

8   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

9   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

10  1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

11  give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

12  n.2 (9th Cir. 2006) (en banc) (citations omitted).

13         The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

14  U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

15  appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

16  would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

17  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

18  of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

19  1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20                                              **Analysis**

21         The complaint alleges in a single sentence that defendant R. Fernandez, a correctional

22  officer at CSP-Sacramento, hit plaintiff in the face three times, causing an injury to his left eye.

23  ECF No. 1 at 3.  The complaint does not mention the date or any surrounding circumstances of

24  the assault.  *See generally* ECF No. 1.  Plaintiff seeks recovery against defendant Fernandez and

25  CDCR for violating his First, Fourth, and Eighth Amendment rights.  *Id.*

26         As in initial matter, CDCR is immune from suit under the Eleventh Amendment.  *See Will*

27  *v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989) (holding that the Eleventh Amendment

28  bars § 1983 suits against a State unless the state has waived its sovereign immunity); *Lucas v.*

1    *Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that the prisoner's Eighth

2    Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh

3    Amendment immunity).

4         Plaintiff's First and Fourth Amendment claims far no better.  He has not specified any

5    factual allegations that would give rise to a First or Fourth Amendment claim.  While plaintiff has

6    the makings of an Eighth Amendment excessive force claim against defendant Fernandez, he has

7    failed to allege that defendant Fernandez assaulted him with the intent to cause harm.  *See Wilkins*

8    *v. Gaddy*, 559 U.S. 34, 36 (2010) (A "core judicial inquiry" on an Eighth Amendment excessive

9    force claim is "whether force was applied in a good-faith effort to maintain or restore discipline,

10   or maliciously and sadistically to cause harm.").  Since I am granting plaintiff to leave to amend,

11   plaintiff may take this opportunity to provide some context surrounding the assault, such as the

12   date, location, and any relevant contextual details.

13        I will allow plaintiff a chance to amend his complaint.  If plaintiff decides to file an

14   amended complaint, the amended complaint will supersede the current one.  *See Lacey v.*

15   *Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended

16   complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D.

17   Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves

18   any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need

19   to assert each claim and allege each defendant's involvement in sufficient detail.  The amended

20   complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

21   If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

22

23

24

25

26

27

28

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is granted.

2.  Within thirty days from the service of this order, plaintiff must either file an amended complaint or advise the court that he wishes to stand by his current complaint, subject to a recommendation of dismissal.

3.  Failure to comply with this order will result in the dismissal of this action.

4.  The Clerk of Court is directed to send plaintiff a new form complaint.

IT IS SO ORDERED.

Dated:   March 13, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4