1

2

3

4

5

6

7

8  UNITED STATES DISTRICT COURT

9  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  HANK RICHARD CORONEL,                    Case No.  2:23-cv-02793-JDP (PC)

12              Plaintiff,

13      v.                                   ORDER

14  R. FERNANDEZ, *et al.*,

15              Defendants.

16

17

18      Plaintiff, who is housed at California State Prison, Sacramento, brings this § 1983 case

19  against correctional officer R. Fernandez.  I screened plaintiff's initial complaint on March 14,

20  2024, and directed him either to file an amended complaint or to advise the court that he wished

21  to stand by his complaint, subject to dismissal, within thirty days.  ECF No. 6.  On June 11, 2024,

22  when plaintiff did not respond, I issued an order to show cause for his failure to comply with that

23  order.  ECF No. 9.  On July 10, 2024, I granted plaintiff's request for an additional thirty days to

24  file an amended complaint.  ECF No. 11.  After plaintiff again failed to respond, I recommended,

25  on October 10, 2024, that this case be dismissed for failure to prosecute, comply with court

26  orders, and failure to state a claim.  ECF No. 12.

27      Plaintiff has now filed an untimely amended complaint.  ECF No. 14.  In light of his pro

28

1

se status, I will screen the complaint and vacate my October 10, 2024 findings and recommendations.  Having reviewed plaintiff's amended complaint, I find that he has not stated cognizable claims.  I will give him an opportunity to file an amended complaint.

### Screening and Pleading Requirements

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that when he refused to take a cellmate, he got in an argument with defendant and "then out of the blue[, he] got punched in the face[]."  ECF No. 14 at 2.  Apart from the fact that this incident transpired at B-Yard in CSP facility B, plaintiff has failed to allege any factual details of this incident.  Indeed, while it may be inferred from the complaint that defendant punched plaintiff, the complaint does not state that allegation clearly.  And, as I explained in my prior screening order, the complaint contains no allegation that defendant assaulted plaintiff with intent to cause harm.  *See Wilkins v. Gaddy*, 559 U.S. 34, 36 (2010) (A "core judicial inquiry" on an Eighth Amendment excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm").

I will grant plaintiff a chance to amend his complaint before recommending that this action be dismissed.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1.  The October 10, 2024 findings and recommendations, ECF No. 12, are vacated.

2.  The first amended complaint, ECF No. 14, is dismissed with leave to amend.

3.  Plaintiff may file an amended complaint within thirty days.

4.  The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:    October 30, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4